[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties intermarried in Darien, Connecticut on August 18, 1990. The plaintiff has resided in Connecticut continuously for the last twenty three years, and all statutory stays have expired. There are three minor children, issue of the marriage. They are Thomas, born January 27, 1991; Steven, born February 7, 1992; and Jane, born March 23, 1993. The evidence indicates the marriage has irretrievably broken down, and judgment may enter dissolving the marriage on that ground.
The plaintiff is 41 years old. She is a high school graduate and has taken a secretarial course at Katharine Gibbs. She has worked as a secretary, typist and filing clerk. She presently works part time as a secretary and is taking a computer course. As a result of two marriages, she has five children and has spent the last several years as a homemaker. She has reported several medical problems, none of which are disabling at the present time.
The defendant is 42 years old and in good health. He is a high school graduate. He has been a firefighter for the City of Stamford for the last fourteen years. Also, he owns and operates a' heating and air conditioning business. He has been a hard working man and an involved parent for the entire marriage.
The parties have experienced marital problems for several years. They have been unable to accept each other's shortcomings, and, even with the help of a therapist, have been unsuccessful in salvaging their relationship. Each must bear responsibility for the failure of their marriage. CT Page 15856
The court has carefully considered the statutory criteria set forth in Connecticut General Statutes Sections 46b-56, 46b-62, 46b-81, 46b-82,46b-84 and 46b-215b in reaching the decisions reflected in the orders that follow.
The following orders may enter.
(1) Custody
At the commencement of trial, the parties presented the court with a written stipulation entitled "Parenting Agreement" dated December 6, 2000. The document was entered as court Exhibit #1. They indicated that there were some areas of disagreement left for the court to resolve. At the close of evidence each party presented a proposed revised Parenting Agreement.
To avoid any confusion and to address the outstanding issues, the court enters the following orders involving custody and parenting arrangements which shall replace and supersede any prior agreements between the parties.
1. The parties shall have joint legal custody.
They shall have shared physical custody in accordance with the parenting plan set forth herein. The defendant is a capable and concerned parent who is active in his children's lives, and a shared parenting arrangement is appropriate.
2. Each party shall be responsible for the children when they are with her or him. If child care is needed for more than two hours, then the other parent shall have the option to be with the children. The absenting parent shall drop off and pick up the children at the accommodating parent's residence.
Each parent, if the other is unavailable for child care, shall determine who shall furnish child care during those periods when the children are scheduled to be in her or his care. It is expected that reliable people will be entrusted with this important responsibility, and that each parent will act in the best interests of the children.
3. The children shall have two sets of clothing, one at the plaintiff's residence and one at the defendant's home.
4. If the parties are unable to agree on the extracurricular activities of the children, then the parent wanting the children to participate in CT Page 15857 an activity shall be responsible for the costs involved and for transporting the children to and from the activity.
5. Each party shall have access to all medical, school and religion information involving the children.
6. During pick ups and deliveries of the children, neither party shall enter the other's home unless invited by the other party.
7. When the children are away on vacation, they shall call the other parent no less than once every three days.
8. The children shall have the option to call the other parent every day during the year. Each parent may call the children once a day also. The children shall not have phone contact after 8:30 p.m.
9. The defendant shall have the children for the last two days of each three day period in which he is not working at the fire department. In addition, the defendant shall have time with the children two extra days each month to be scheduled during the off duty period following the first three day sequence of night duty in each calendar month.
10. Each parent shall have two weeks vacation with the children in the summer. These weeks may be consecutive, or for two separate one week periods, one in July and the other in August.
11. The defendant shall have the children for one of the school vacations. If there is only one school vacation then the children shall spend another week with the defendant over the summer.
During the period when each parent has the children during his or her designated vacation and holiday periods, the usual visitation schedule is superseded.
12. Christmas shall be a split holiday. One parent shall have the children for Christmas Eve for the overnight, commencing at 5 p.m. The children shall be returned to the other home by 11 a.m. on Christmas Day. This schedule shall be on a rotating basis. The week following beginning December 26th, the children shall spend with the parent they spent Christmas Eve with. Pick up shall be 3 p.m. on December 26th.
New Year's Eve and Day shall also be on a rotating basis with pick up (or return) on December 31St by 3 p.m.
13. Thanksgiving and Easter shall be split on a rotating basis. One party shall have the morning until 3 p.m. and the other for the remainder CT Page 15858 of the day.
14. Each parent shall notify the other promptly in the event of any child becoming ill while with that parent. Each shall provide the other with a telephone number when away from home. This number shall only be used in the event of an emergency.
15. Neither parent shall relocate more than 25 miles from the other parent, unless by agreement, without giving the other 90 days notice of such intention.
16. Currently, the plaintiff's sister, Laurey Kaminski, and her niece, Jennifer James, are living in the marital residence. This has presented problems because of the size of the residence and the number of occupants therein. It is not in the best interests of the children of the parties to live in such an environment for an extended period of time. If the plaintiff's sister and niece have not vacated the premises by April 1, 2001, then the defendant or guardian ad litem for the children may request a hearing to determine if the children should be relocated to reside with the defendant.
(2) Alimony and Child Support
The defendant's financial affidavit indicates a gross income of $54,496 per year from his work as a firefighter, based on a 42 hour per week schedule. In addition, he earns income as a self employed heating and air conditioning servicer in the amount of gross income of $18,148 per year, based on a 20 hour per week schedule.
In computing the orders for alimony and child support, the following income was attributed to the defendant:
Full time employment as firefighter $ 1,048 per 42 hour week;
Part time self employment $ 175 per 10 hour/week max.
Total $ 1,223 week
Annualized — gross income of $63,596
The basis for finding this to be the defendant's income for support purposes is:
1. The expenses attributable to the defendant's business will increase because of his having to remove his workshop from the marital residence; CT Page 15859
2. The Child Support Guidelines provide a limitation on the inclusion of income from a second job;
Therefore, it is ordered:
a. The defendant shall pay to the plaintiff as periodic alimony the sum of $1,075 per month (based on $250 per week). The payments shall commence on February 1, 2001 and monthly thereafter, in advance, during the defendant's lifetime, until the plaintiff's remarriage, death or January 31, 2004, whichever event first occurs. The term of payments shall be non-modifiable. This order is subject to the provisions of General Statutes, Section 46b-86(b).
b. In accordance with the Child Support Guidelines, the defendant shall pay to the plaintiff as child support the sum of $1,372 per month. (Based on $319 per week). The payments shall commence on February 1, 2001 and monthly thereafter, in advance, until the children's deaths, emancipations or their reaching their majorities, whichever event first occurs. Section 46b-84(b) of the General Statutes shall apply.
A contingent wage withholding order may enter.
c. For unreimbursed medical expenses and qualified child care expenses, the parties shall be responsible in the following proportions:
The defendant, 56% and the plaintiff, 44%.
d. If either parent desires the children to attend private school, he or she shall solely be responsible for the costs associated with attending the school.
e. The pendente lite orders for alimony and child support shall continue for the month of January, 2001.
(3) Real Property
The parties have presented the court with a difficult decision. The plaintiff has requested that, she be awarded the marital residence so that she and the three minor children may continue to reside there at a shelter cost she can afford.
The defendant, in addition to his job as a firefighter, has operated a heating and air conditioning business out of the basement of the marital residence for years. He claims he has not been able to find suitable space to lease in the area to continue this work. Therefore, he has requested that he be awarded the marital residence so that he can CT Page 15860 continue to supplement his income in addition to having a place to live and spend time with his children.
The court finds that the needs of the minor children would best be served by their continuing to live in the marital residence with their mother.
Therefore, it is ordered:
a. The defendant shall transfer by quitclaim deed his entire interest in the marital residence located at 21 Beverly Place, Norwalk, Connecticut, to the plaintiff.
b. The transfer of the defendant's interest shall be subject to the outstanding mortgage, which the plaintiff shall assume and hold the defendant harmless from any liability thereon.
c. The plaintiff shall promptly make arrangements to refinance the existing mortgage on the residence so that the defendant is released from any obligation on the note and mortgage executed by him.
d. The plaintiff shall pay to the defendant as an assignment of property the sum of twenty-five thousand ($25,000) dollars.
The plaintiff shall complete the refinancing of the existing mortgage and payment to the defendant by April 1, 2001. If the plaintiff is unable to comply with this order, the court reserves jurisdiction to issue orders, after hearing, concerning alternate arrangements as to the plaintiff's discharging these obligations.
e. The defendant, at his option, may continue to operate his business from the basement of the residence until April 1, 2001. If this arrangement creates problems between the parties, the court reserves jurisdiction to vacate or alter this order.
f. If the plaintiff decides to sell the marital residence within the next five years (by December 31, 2005), she shall give the defendant the option to purchase the property at the fair market value as determined by an appraiser selected by the parties reduced by the usual real estate commission charged by brokers in the area.
Also, in the event a foreclosure action is commenced against the property within the next five years by either a mortgagee or any creditor of the plaintiff, and the action is caused to be commenced, for any reason other than the failure of the defendant to make his timely payments of alimony and child support to the plaintiff, and the CT Page 15861 foreclosure action is not withdrawn within sixty days after its commencement, then the plaintiff shall give the defendant the option to purchase the property under the same arrangement set forth above for a voluntary sale by the plaintiff.
The court reserves jurisdiction to resolve any disputes between the parties in implementing this order.
(4) Assets
 a. The plaintiff is awarded her bank accounts; her doll collection and her jewelry.
b. The defendant is awarded his bank accounts and his interest in his business known as Met-El Inc.
c. The defendant shall transfer to the plaintiff a thirteen thousand ($13,000) dollar interest in his Copeland Company Deferred Compensation Plan by way of a Qualified Domestic Relations Order or other appropriate means. The court reserves jurisdiction to effectuate the transfer of this asset. In awarding this sum, the court has considered the previously made advancements to the plaintiff of $2,500 and $2,000.
d. The defendant shall cause to be transferred to the plaintiff a one-third (33 1/3%) interest in the defendant's City of Stamford pension, based on its value as of December 31, 2000. If permitted, the transfer shall be made by a Domestic Relations Order. The court reserves jurisdiction to modify this portion of the judgment to ensure compliance with federal and/or state law relating to retirement/pension benefits.
e. The defendant is awarded both the 1998 Ford and 1998 Chevrolet automobiles, subject to the outstanding loans and shall hold harmless the plaintiff from any liability thereon. The plaintiff shall execute all documents required to transfer ownership of the automobiles to the defendant.
f. The parties shall divide their personal furniture and furnishings by agreement. If they are unable to agree, the court reserves jurisdiction on this issue. After the parties consult the Family Services Unit, they may request a hearing by the court.
(5) Liabilities
 a. Each party shall be responsible for the debts listed on her/his financial affidavit and hold the other harmless from any liability thereon. CT Page 15862
b. Each party shall pay her/his own counsel fees.
c. Each party shall pay for one-half of the fees owed the guardian ad litem, Frances Rock.
(6) Medical Insurance
 a. The defendant shall maintain medical and dental insurance for the benefit of the minor children of the parties. Section 46b-84(e) of the General Statutes shall apply.
b. The defendant shall permit the plaintiff to convert coverage for herself under the defendant's medical insurance policy under the Consolidated Omnibus Budget Reconciliation Act of 1985 (COBRA) for the statutory period at the plaintiff's sole expense.
(7) Life Insurance
The defendant shall maintain life insurance on his life for the benefit of the minor children of the parties in the minimum amount of $200,000 for as long as the defendant is obligated to pay child support. This order shall be modifiable in the event the child support order changes.
(8) Miscellaneous Order
The plaintiff's maiden name (Kaminski) is hereby restored.
Judgment may enter accordingly.
NOVACK, JUDGE TRIAL REFEREE